IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TODD FUGATE,

                                                 OPINION AND ORDER

            Plaintiff,

                                                 20-cv-52-bbc

    v.

BRANDON BIRDSIL, ROSLYN HUNEKE,
KARL M. HOFFMANN, TARA MILLER
AND HOLLY GUNDERSON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Todd Fugate filed a civil action under 42 U.S.C. § 1983, contending that medical staff at New Lisbon Correctional Institution violated his constitutional rights by failing to provide him adequate pain medication after he had knee surgery. His complaint is before the court for screening under 28 U.S.C. § 1915A. Because I conclude that plaintiff has failed to state a federal claim for relief against defendants, I will dismiss this case.

Plaintiff alleges the following facts in his amended complaint.

ALLEGATIONS OF FACT

Plaintiff Todd Fugate is incarcerated at New Lisbon Correctional Institution, where all of the defendants are employed: Brandon Birdsil is a nurse; Karl Hoffmann is a doctor; Roslyn Huneke is a nurse and health services unit manager; and Tara Miller and Holly Gunderson work in the inmate complaint review system.

On August 14, 2019, plaintiff underwent knee surgery at Waupun Memorial

1

Hospital.  When he returned to New Lisbon Correctional, plaintiff asked defendant Birdsil whether the surgeon had prescribed pain medication.  Birdsil responded that the surgeon had not, and that plaintiff could take the Tylenol that had been prescribed previously.  Birdsil did not review the orders from plaintiff's prison physician, defendant Hoffmann, who had ordered that plaintiff receive the pain medication Tramadol, as needed, for up to a week after his surgery.

On August 20, 2019, plaintiff saw defendant Hoffmann for a follow-up appointment.  Hoffmann asked plaintiff whether he had taken Tramadol, and plaintiff responded that he had not been told that Tramadol was available for him.  Plaintiff received Tramadol for one day before the prescription expired.

Plaintiff filed an inmate complaint about not receiving the Tramadol, and the health services manager, defendant Huneke responded that the surgeon had not ordered any specific pain medication and that Nurse Birdsil must not have known to review Dr. Hoffmann's orders for post-operative pain medications.  She also noted that because the Tramadol was prescribed on an "as needed" basis and plaintiff did not file any health service requests complaining about pain between August 14 and 20, health services was not aware that he never received his Tramadol or that he was having uncontrolled pain.  Huneke told plaintiff that she would review the post-op process with health services staff.

OPINION

Plaintiff's allegations implicate the Eighth Amendment.  A prison official violates the

Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faced a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregard the risk by consciously failing to take reasonable measures to prevent it. Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

To state a claim that defendants violated the Eighth Amendment by denying him adequate medical care, plaintiff must allege facts that: (1) he had a serious medical need; (2) defendants knew that plaintiff needed medical treatment; and (3) defendants consciously failed to take reasonable measures to provide the necessary treatment. Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010); Forbes, 112 F.3d at 266.

Plaintiff's allegations that he had knee surgery and was in serious pain suggest that he had a serious medical need. However, his allegations do not suggest that defendants knew about his pain and were deliberately indifferent to it. Most of the defendants had no role in denying plaintiff pain medication after his surgery. Dr. Hoffmann ordered that Tramadol be available to plaintiff after his surgery, and the first time Hoffmann learned that plaintiff had not received his Tramadol was at plaintiff's August 20, 2019 appointment. At that time, Hoffmann told plaintiff he could request Tramadol as needed. Defendants Huneke, Miller and Gunderson learned about the error when plaintiff filed his inmate complaint. These defendants cannot be held responsible for plaintiff's not receiving pain medication before

3

August 20.

As for defendant Birdsil, plaintiff's allegations suggest that defendant reviewed only the surgeon's discharge orders and failed to review Dr. Hoffmann's post-operative orders and instructions regarding plaintiff's pain medication plan. However, plaintiff has not alleged facts suggesting that Birdsil acted with deliberate indifference. He alleges only that Birdsil made a one-time error. Birdsil did not have the opportunity to correct the error because plaintiff did not submit a health service request stating that he was in pain or asking for more pain medication. Plaintiff's allegations suggest negligence at most. Because negligence, gross negligence and inadvertent errors are insufficient to state a claim under the Eighth Amendment, Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996), plaintiff has failed to state a constitutional claim. Therefore, I will dismiss plaintiff's complaint.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Todd Fugate's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 26th day of February 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge